1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                          DISTRICT OF IDAHO

10                          ----oo0oo----

11

12   ROBERT and AMIE PANICACCI, as        No. 1:21-cv-00329 WBS
     legal guardians and parent of
13   G.P., a minor,

14              Plaintiffs,               MEMORANDUM AND ORDER RE:
                                          MOTION FOR NEW TRIAL AND
15        v.                              MOTIONS FOR ATTORNEY'S FEES
                                          AND COSTS
16   WEST ADA SCHOOL DISTRICT #2,

17              Defendant.

18

19                          ----oo0oo----

20        After defendant prevailed on all claims,[1]

21   plaintiffs have moved for a new trial under Federal Rule of

22   Civil Procedure 49 (Docket No. 210) and defendant has moved

23   for an award of attorney's fees and costs (Docket Nos. 207,

24

25        _____

          [1]    Plaintiff's claims under the Americans With
26   Disabilities Act ("ADA") and Rehabilitation Act were tried
     to the jury, and plaintiff's claim under the Individuals
27   with Disabilities Education Act ("IDEA") was decided by the
     court.
28

                                  1

214, 215).[2]  The court addresses each of these motions
below.

I.    Motion for New Trial

        Plaintiffs contend that a new trial is warranted
based on multiple grounds.  Specifically, they argue that
the undersigned showed partiality towards defendant through
his comments and actions during trial, improperly
restricted plaintiffs' cross-examination of defense expert
Andrea Cox, improperly precluded plaintiffs from
introducing the text of the IDEA, and improperly instructed
the jury on intentional discrimination under the ADA and
the Rehabilitation Act.

        A.    Evidentiary Rulings

              1.    Alleged Restriction of Cross Examination

        Plaintiffs argue that the court should have
allowed them to publish to the jury the Behavior Analyst
Certification Board's ethical code during their cross
examination of defense expert Andrea Cox and improperly
restricted their cross examination of Ms. Cox.  Plaintiffs'
counsel made it clear that he did not seek to admit the
ethical code as evidence.  He nevertheless sought to

_____

        [2]    Defendant originally filed a combined motion for
attorney's fees and costs at Docket No. 207.  The court
denied the request for costs without prejudice to filing a
separate bill of costs with supporting documentation.
(Docket No. 212.)  Defendant then filed a renewed motion
for costs and a separate renewed motion for attorney's
fees.  Given the court's denial of the motion for costs
without prejudice, and the ambiguity regarding whether
defendant should file a separate motion for attorney's
fees, the court does not find that any of these motions
were untimely, contrary to plaintiffs' contention.

publish portions of it to the jury.  The court's failure to
permit him to do so was not error.  It is not the court's
practice to allow documents which are not in evidence to be
published to the jury, and counsel was made well aware of
that practice.

Moreover, although the court did not permit
plaintiffs' counsel to display the ethical code which was
not in evidence to the jury, the court did permit him to
question Ms. Cox at length about the ethical code and the
proper oversight of staff using applied behavior analysis
principles and techniques.  In the court's view, nothing
more could have been accomplished by showing the text of
the code to the jury.

> 2.    Failure to Admit the Text of the IDEA in the
Jury Phase of the Trial

Because plaintiffs' IDEA claim was not before the
jury, and was to be decided by the court, under Rule 403 of
the Federal Rules of Evidence, the court determined that
admission of the text of the IDEA would unnecessarily
confuse the jury, particularly since plaintiffs' attorney
had made it clear that he did not predicate his ADA claim
on any violation of the IDEA.  Plaintiffs' ADA claim was
based primarily on their contention that G.P.'s services
were not comparable to those he received in his prior
school district, and counsel was allowed extensive cross
examination and argument on that issue.

> B.    Jury Instructions

Although during trial plaintiffs withdrew their

1   objection to the court's jury instructions, they now

2   complain of the court's instruction regarding intentional

3   discrimination.  Specifically, they argue that because the

4   court did not include the text of the IDEA in its

5   instructions, they were not able to fully present their

6   theory that the school district intentionally discriminated

7   against G.P. because it knew G.P.'s services were not

8   comparable to what he was receiving in California.

9   However, during the process of settling the jury

10  instructions, when the court offered to include an

11  explanation of what the IDEA says, counsel expressly

12  declined the offer and withdrew that suggestion.[3]  Counsel

13  _____

14      [3]    When plaintiffs' counsel suggested including an
    explanation of the provisions of the IDEA in the
15  instructions after they had already been agreed upon, the
    court offered to modify the pertinent instruction as
16  follows:

17      THE COURT: All right. Here's what we'll do. Start all
        over again. We'll start over with the jury
18      instructions. Now you're asking for more jury
        instructions. Because if there are statutes or
19      regulations that either side wants to rely upon, it's
        the Court's responsibility to instruct the jury what
20      those statutes and regulations say. It's not for the
        witness to interpret or to explain statutes and
21      regulations. So what you need to do is propose jury
        instructions to me that explain what the statutes and
22      regulations say, and you can do that Monday morning.
        And we can forget about these instructions. We don't
23      need them anymore.
24
25      MR. BERGMAN: No, no, Your Honor --
26
27      THE COURT: No, we'll use these instructions, but we'll
        add an instruction where you have suggested to me what
        you want me to tell them about statutes and
28      regulations, if that's your theory of the case.

                                4

1    got the jury instructions they asked for and cannot be

2    heard to complain about them now.

3           Plaintiffs have not shown that the court's

4    instruction regarding intentional discrimination, to which

5

6

7          MR. BERGMAN: It's not the big theory of the case.

8          THE COURT: No, it's one of the theories of the case.

9          MR. BERGMAN: It's one of the theories.

10         THE COURT: Okay. But you have to do it the right way.

11           Then, after considerable discussion, plaintiffs'
12   attorney withdrew his request to include an explanation of
     the provisions of the IDEA as follows:

13         MR. BERGMAN: I was going to put this to rest. As
14         I'm thinking about this and thinking about Anne's
           objection and thinking about your explanation,
15         I'm going to withdraw the suggestion. I don't
           think -- and I think I have already told you that
16         I have no objection to the jury instructions. I
           am not going to back up this train again on you.
17         I apologize.

18         THE COURT: Don't --
19
           MR. BERGMAN: Sorry, I don't apologize. I will
20         never apologize again.

21         THE COURT: If you're learning one thing, is how
22         to deal with me. You don't have to make me happy.
           You don't have to apologize if you're critical of
23         something I do. You have to listen to something I
           say. If it makes sense, you follow it. If not,
24         dig your heels in and take your position.

25         MR. BERGMAN: After hearing what the Court is
26         saying and Ms. Magnelli is saying, I think at the
           end of the day I'm just going to throw out the
27         argument.

28   (Tr. at 125-26, 128-29 (Dkt. 196).)

                                    5

1  counsel did not object, was erroneous or a misstatement of

2  the law.  See Murphy v. City of Long Beach, 914 F.2d 183,

3  187 (9th Cir. 1990).

4      C.    Judge's Remarks During Trial

5          "A trial judge is more than an umpire, and may

6  participate in the examination of witnesses to clarify

7  evidence, confine counsel to evidentiary rulings, ensure

8  the orderly presentation of evidence, and prevent undue

9  repetition."  United States v. Scholl, 166 F.3d 964, 977

10  (9th Cir. 1999) (citation omitted).

11          The court bears no bias nor animosity towards any

12  of the parties or their attorneys in this action.  Any

13  remarks by the court which counsel may have regarded as

14  critical of his performance were aimed at expediting the

15  the pace of the trial and minimizing unnecessary use of the

16  jury's time.  Where possible, the court took care to limit

17  its criticism to bench conferences outside the hearing of

18  the jury, and made it clear in its instructions to the jury

19  multiple times that that they should not take anything the

20  court may have said or done during the course of trial as

21  an indication of what it thought of the evidence or what

22  the verdict should be, and in its final jury instructions

23  reminded the jury that they should not read into anything

24  the court may have said or done as any suggestion as to

25  what verdict they should return.

26      D.    Conclusion

27          For the reasons discussed above, a new trial is

28  not warranted based on any of the grounds asserted by

6

1  plaintiffs, either individually or collectively.

2  Accordingly, plaintiffs' motion for new trial **(Docket No.**

3  **210)** is DENIED.

4  II.  <u>Motion for Attorney's Fees</u>

5          Defendant seeks attorney's fees in the amount of

6  $168,905.50, arguing that this action was "frivolous,

7  unreasonable, and without foundation."  See <u>Christiansburg</u>

8  <u>Garment Co. v. EEOC</u>, 434 U.S. 412, 421 (1978); 20 U.S.C. §

9  1415(i)(3)(B).  While the jury found against plaintiffs on

10 the ADA and Rehabilitation Act claims, and the court found

11 against plaintiffs on the IDEA claim, the court does not

12 find that any of plaintiffs' claims were frivolous,

13 unreasonable, or without foundation.  Accordingly,

14 defendant's motion for attorney's fees **(Docket No. 207,**

15 **214)** is DENIED.

16 III. <u>Motion for Costs</u>

17         Rule 54(d)(1) of the Federal Rules of Civil

18 Procedure and District of Idaho Local Civil Rule 54.1

19 govern the taxation of costs, which are generally subject

20 to limits set under 28 U.S.C. § 1920.  See 28 U.S.C. § 1920

21 (enumerating taxable costs); Fed. R. Civ. P. 54(d)(1)

22 ("Unless a federal statute, these rules, or a court order

23 provides otherwise, costs--other than attorney's fees--

24 should be allowed to the prevailing party."); <u>Crawford</u>

25 <u>Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 440-45

26 (1987) (limiting taxable costs to those enumerated in §

27 1920).

28         The court exercises its discretion in determining

7

whether to allow certain costs.  See Amarel v. Connell, 102
F.3d 1494, 1523 (9th Cir. 1996) (the district court has
discretion to determine what constitutes a taxable cost
within the meaning of § 1920).  The losing party has the
burden of overcoming the presumption in favor of awarding
costs to the prevailing party.  See Russian River Watershed
Prot. Comm. v. City of Santa Rosa, 142 F.3d 1136, 1144 (9th
Cir. 1998) (noting that the presumption "may only be
overcome by pointing to some impropriety on the part of the
prevailing party"); Amarel, 102 F.3d at 1523; see also
Local Civil Rule 54.1(a)(2) ("The burden is on the opposing
party to establish that a claim is incorrectly stated,
unnecessary or unreasonable.").

          Defendant seeks costs in the amount of (1) $17.70
in clerk and service fees; (2) $7,886.60 for trial
transcripts; (3) $6,293.10 for deposition costs; (4)
$419.60 for copies of papers and exhibits; and (5)
$2,633.00 for expert trial video deposition fee, for a
total of $17,250.00.  Defendant certifies that these costs
were actually and necessarily performed and has provided
the underlying documentation for these costs.

          After reviewing the listed costs, and in light of
the fact that plaintiffs do not object to the costs for
clerk and service fees and copies of papers and exhibits,
the court will allow these costs, which are taxed against
plaintiffs.

          Plaintiffs object, however, to the costs claimed
for trial transcripts and depositions, including the video

8

1    deposition of expert Yrenka Sunderlin, claiming, among

2    other things, that the claimed costs are excessive and

3    unnecessary.  "Whether a transcript or deposition is

4    'necessary' must be determined in light of the facts known

5    at the time the expense was incurred."  Sunstone Behav.

6    Health, Inc. v. Alameda Cnty. Med. Ctr., 646 F. Supp. 2d

7    1206, 1219 (E.D. Cal. 2009) (Shubb, J.) (citation omitted).

8          Given that Ms. Sunderlin was a key witness in

9    this case and it was not clear whether the court would

10   allow the playing of Ms. Sunderlin's video deposition, the

11   costs of recording the deposition and obtaining a

12   transcript of the deposition were both reasonably incurred.[4]

13   Similarly, given that Dr. Brett Thomas was a key witness

14   for the plaintiffs, the costs of obtaining his deposition

15   transcript were also reasonably incurred.  Finally, the

16   daily trial transcript fees were reasonably incurred

17   because, among other things, multiple witnesses were called

18   out of order and the parties had to prepare for the bench

19   trial on the IDEA claim after the ADA and Rehabilitation

20   Act claims were tried to the jury.  While these costs are

21   significant, the court does not find that they are

22   excessive or that the amount warrants disallowance.  Thus,

23

24          [4]    The applicable federal statute, 28 U.S.C. § 1920,
25   states that the judge may tax costs for "electronically
     recorded transcripts," and several courts have found that
26   costs for video depositions are permissible under this
     statute.  See Craftsmen Limousine, Inc. v. Ford Motor Co.,
27   579 F.3d 894, 897-98 (9th Cir. 2009) (listing cases and
     holding that costs of video depositions are included under
28   28 U.S.C. § 1920).

1    the court will allow the claimed costs for trial

2    transcripts, deposition transcripts, and the expert video

3    deposition.

4        Accordingly, defendant's motion for of costs

5    **(Docket No. 215)** is GRANTED.  Costs of $17,250.00 will be

6    allowed for defendant and are taxed against plaintiffs.

7        IT IS SO ORDERED.

8    Dated:  August 7, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE